FILED

November 4, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 10:04 A.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Tonja Briceno | ) | Docket No.   2016-05-0386 |
| | ) | |
| v. | ) | State File No. 38680-2015 |
| | ) | |
| Resource Manufacturing, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

---

**Affirmed and Remanded - Filed November 4, 2016**

---

This interlocutory appeal involves the employer's challenge to the trial court's finding that the employee presented sufficient proof to establish she is entitled to medical and temporary disability benefits for a shoulder injury.  The employer initially provided those benefits but then denied the claim on the basis that inconsistent histories in the employee's medical records contradicted her contention that her condition was work-related.  Following an expedited hearing, the trial court found the employee was likely to prevail at a trial on the merits and ordered medical and temporary disability benefits.  The employer has appealed, arguing that the employee failed to prove causation.  We affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Mary Dee Allen, Cookeville, Tennessee, for the employer-appellant, Resource Manufacturing

Michael Fisher, Nashville, Tennessee, for the employee-appellee, Tonja Briceno

1

# Memorandum Opinion[1]

Tonja Briceno ("Employee") reported suffering an injury to her right shoulder on May 8, 2015, while employed by Resource Manufacturing ("Employer") in its manufacturing facility. On that day, Employee felt a "pull" when she reached for parts over her head and, while pulling a cart loaded with parts, experienced a "pop" in her back accompanied by pain. On the same day, she received medical treatment at Fast Pace Medical Clinic where she reported reaching for parts and feeling a pull in her back. She also reported that a short time later, while pulling a cart, she felt a pop in her back. X-rays were normal, and she was diagnosed with a sprain to her thoracic spine and muscle spasms.

Employee returned to Fast Pace Medical Clinic on May 29, 2015, complaining of pain in her back for the past two weeks accompanied by muscle pain, joint pain, and tingling in her right arm and hand. She was diagnosed with a strain or sprain of the thoracic spine and muscle spasms and was taken off work until she was re-evaluated. Employee returned to Fast Pace Medical Clinic a few days later. The record of that visit reflects she was being seen for right shoulder pain and that she had been "seen in clinic twice for this same issue." She was referred to a specialist.

Employer provided Employee a panel of physicians from which she chose Dr. Derek Riley, whom she saw on June 12, 2015 with complaints of right shoulder, back, and neck pain. Employee described to Dr. Riley experiencing a pop under her right shoulder blade on May 8, 2015. She returned to Dr. Riley on July 13, 2015 for follow-up after an MRI, and Dr. Riley diagnosed her with a rotator cuff tear. Dr. Riley saw Employee again on August 5, 2015 with continued complaints of right shoulder pain. He ordered an EMG, which was normal, as was a cervical MRI.

Employee returned to Dr. Riley on September 4, 2015, at which time he observed that her complaints were unchanged over the course of the past several months and that a follow-up right shoulder MRI was negative for a rotator cuff tear. He noted that her complaints were out of proportion to the objective findings, diagnosed her with right shoulder pain, and encouraged her to seek a second opinion. Employer authorized a second opinion with Dr. Jeffrey Adams, who saw Employee on October 1, 2015. According to Dr. Adams, an MRI on July 28, 2015 revealed a significant rotator cuff tear in Employee's right shoulder, and he recommended surgery.

Employer wrote Dr. Adams seeking his opinion regarding the cause of Employee's right shoulder condition. In that correspondence, Employer set out

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

Employee's medical history and asked Dr. Adams whether he agreed that the history provided to Employer and to Fast Pace Medical Clinic was inconsistent with the information she had given him. He agreed the histories were inconsistent and that, in light of those inconsistencies, it did not appear that the shoulder complaints arose primarily out of the May 8, 2015 work event.

Employee countered with her own correspondence to Dr. Adams, in which she asked him to provide a causation opinion assuming she had given him an accurate history. Dr. Adams responded "yes" to a question concerning whether her right shoulder injury arose primarily out of and in the course and scope of her employment. He also indicated Employee would need surgery to correct the problem. In a subsequent deposition, Dr. Adams testified consistently with his responses to the two letters and explained his opinions in light of his review of the medical records, Employee's history, test results, and examinations.

Following an expedited hearing, the trial court ordered Employer to provide medical benefits, including the surgery recommended by Dr. Adams, and temporary disability benefits from March 29, 2016 onward. Employer urges us to reverse the trial court's decision, asserting that Employee failed to present medical proof sufficient to establish she will likely prevail at trial. Employer points out that Dr. Adams, the authorized treating physician, opined that, in light of the inconsistencies between Employee's initial complaints and the complaints she related to him, the right shoulder injury was not related to her employment. The trial court found the medical proof sufficient to entitle Employee to benefits at this interlocutory stage of the claim, and we agree.

The trial court considered the medical proof as a whole in conjunction with Employee's testimony at the expedited hearing and concluded that the evidence was sufficient to entitle her to the requested benefits.[2] The trial court relied on the medical records which, with the exception of the May 8, 2015 Fast Pace Medical Clinic record, reflect complaints of right shoulder pain. Moreover, the Fast Pace Medical Clinic record from June 2, 2015, which was Employee's third visit to that facility, noted Employee had been "seen in clinic twice for this same issue," implying a certain consistency in Employee's complaints from the first visit to the third. Moreover, Dr. Adams testified he had no reason to doubt Employee's credibility aside from disproportionate complaints of pain and that her description of the work accident and her reported mechanism of injury were consistent with the type of injury she sustained.

---

[2] At an expedited hearing, an employee is not required to prove every element of his or her claim by a preponderance of the evidence. Rather the employee must come forward with sufficient proof such that the trial court can determine the employee is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

We also note that the trial court found Employee to be a credible witness and observed that the case "boils down to whether the Court believes [Employee's] testimony that, in addition to pain in her mid-back, she also had pain in her right shoulder following her work incident of May 8, 2015." The trial court observed that Employee testified she had never experienced shoulder pain before May 8, 2015 and that she was able to perform her job without difficulty before that time. The resolution of this case depends heavily upon Employee's credibility which, as noted, the trial court determined in her favor.[3]

Based upon our review of the record, we cannot conclude that the evidence preponderates against the trial court's decision at this interlocutory stage of the case. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed. The case is remanded for any further proceedings that may be necessary.

---

[3] In cases such as this one that turn on the resolution of factual disputes or witness credibility in which "the trial court has heard in-court testimony, considerable deference must be afforded in reviewing the trial court's findings of credibility and assessment of the weight to be given to that testimony." *Sirkin v. Trans Carriers, Inc.*, No. 2015-08-0292, 2016 TN Wrk. Comp. App. Bd. LEXIS 22, at *8-9 (Tenn. Workers' Comp. App. Bd. May 9, 2016).

FILED

**November 4, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 10:04 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Tonja Briceno | ) | Docket No.   2016-05-0386 |
| | ) | |
| v. | ) | State File No.  38680-2015 |
| | ) | |
| Resource Manufacturing, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 4th day of November, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Michael Fisher | | | | | X | mfisher@ddzlaw.com |
| Mary Dee Allen | | | | | X | mallen@wimberlylawson.com |
| Robert V. Durham, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird

Jeanette Baird
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov